**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | Case No. 2:16-cv-02580-JAD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| AUBURN AND BRADFORD AT PROVIDENCE HOMEOWNERS ASSOCIATION, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Nationstar Mortgage LLC's ("Nationstar") Motion for Leave to File Amended Complaint (ECF No. 52), filed on August 21, 2019. Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response (ECF No. 55) on September 4, 2019, and Nationstar filed a Reply (ECF No. 56) on September 11, 2019. Also before the Court is SFR's Motion for Leave to Amend Answer (ECF No. 53), filed on August 21, 2019. Nationstar filed a Response (ECF No. 54) on September 4, 2019, and Nationstar filed a Reply (ECF No. 57) on September 11, 2019. The Court finds these matters properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

The parties are familiar with the facts of this case and the Court will not repeat them here except as necessary. Nationstar seeks to amend its complaint to correct a factual inaccuracy and include reference to newly discovered evidence of homeowner tender. (ECF No. 52). The evidence of homeowner tender was not available at the time that the Complaint was filed on November 7, 2016, then the case was stayed on February 27, 2017 until May 1, 2019, and the evidence was only discovered in June 2019. (*Id.*). Nationstar also seeks to update its due process and equitable arguments after changes in appellate case law. (*Id.*). It argues that the liberal standard to amend in Fed.R.Civ.P. 15 is met as its request was filed prior to the expiration of the

deadline to amend pleadings – set for August 21, 2019. (ECF No. 42). In response, SFR claims that Nationstar delayed too long to amend and the amendment is futile because the statute of limitations to assert the new proposed homeowner tender claim has run. (ECF No. 55). Nationstar replies that it had no access to the HOA ledgers evidencing homeowner tender until June 2019 and there is no prejudice to SFR or undue delay in the amendment. (ECF No. 56).

In addition, SFR seeks to amend its Answer to include an affirmative defense relating to election of remedies. It argues that the need to add the affirmative defense arose due to the July 25, 2019 notice of settlement between Nationstar and the HOA. (ECF No. 53). Nationstar opposes the request because SFR's explanation of the need for the defense – that Nationstar is seeking inconsistent remedies – is incorrect and so, amendment is futile. (ECF No. 54). It also contends that Nevada law does not prevent the Court from allowing certain parties to settle and also subsequently, ordering one form of relief based on the remaining claims with another party. (*Id.*). SFR replies that it has met the standard for amendment as it timely filed its request and it is not futile under its interpretation of the law. (ECF No. 57).

**II.     ANALYSIS**

    **a. Motion to Amend the Complaint**

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id.* at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As Nationstar filed its Motion to Amend prior to the expiration of the August 21, 2019 deadline to amend the pleadings, it falls under Rule 15(a)'s liberal standard. The Court finds that

Nationstar should be permitted to amend its complaint as requested.  Amendment at this stage would be neither extraordinarily disruptive nor prejudicial to SFR.  Indeed, SFR is clearly aware of the proposed homeowner tender allegations and changes in appellate case law.  Moreover, SFR's arguments about delay are not sufficient to justify denying the amendment at this stage as this case was stayed and no discovery was permitted from February 27, 2017 until May 1, 2019.  Indeed, the passage of time is not reason enough to preclude amendment.  *See, e.g., Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party.").  Also, SFR has not shown that Nationstar's proposed amendment concerning homeowner tender is futile.  Nationstar contends that it is not raising a new claim, but rather, adding new factual allegations to its existing claim for declaratory judgment/quite title and the statute of limitations has not expired as the evidence was only uncovered in June 2019.  Therefore, the Court will grant Nationstar's Motion (ECF No. 52).

### b.  Motion to Amend the Answer

Likewise, Rule 15(a)'s liberal policy favoring amendment applies to SFR's request to amend its answer to add an affirmative defense of election of remedies; the request was also timely filed on August 21, 2019, the deadline to amend the pleadings.  Nationstar's argument regarding Nevada law is persuasive – that it does not prevent the Court from allowing certain parties to settle and also subsequently, ordering one form of relief based on the remaining claims with another party.  However, this does not mean that amendment to add the affirmative defense is futile, just that Nationstar believes it will prevail against this affirmative defense.  As such, the Court finds no prejudice and also no undue delay as the notice of settlement was only provided as of July 25, 2019.

Finally, in light of the Court's decision to grant Nationstar's Motion for Leave to Amend, SFR's Motion (ECF No. 53) is largely moot as it will be provided an opportunity to answer the amended complaint.  However, to be clear, the Court will grant SFR's Motion (ECF No. 53) and

permit SFR to assert an election of remedies affirmative defense in response to the amended complaint.

**III.     CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff Nationstar Mortgage LLC's ("Nationstar") Motion for Leave to File Amended Complaint (ECF No. 52) is **granted**.  Plaintiff shall file and serve the amended pleading in accordance with Local Rule 15-1.

IT IS FURTHER ORDERED that Defendant SFR Investments Pool 1, LLC's Motion for Leave to Amend Answer (ECF No. 53) is **granted** as outlined above.

DATED:  January 22, 2020.

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE